**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4613

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AYODELE HARRISON ARASOKUN,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:17-cr-00086-GMG-RWT-1)

Submitted:  April 24, 2025                          Decided:  April 28, 2025

Before RICHARDSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  David M. Dudley, LAW OFFICES OF DAVID M. DUDLEY, Los Angeles, California, for Appellant.  William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Ayodele Harrison Arasokun of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349; 10 counts of aiding and abetting wire fraud, in violation of 18 U.S.C. § 1343; and 10 counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  Arasokun's sole contention on appeal is that the district court improperly limited his cross-examination of the Government's two witnesses, in violation of the Sixth Amendment's Confrontation Clause, when it declined to let him publish the entirety of an unadmitted spreadsheet to the jury.  We affirm.

As relevant to this appeal, the Sixth Amendment affords a criminal defendant the right "to be confronted with the witnesses against him."  U.S. Const. amend. VI.  As the Supreme Court has explained, "[t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination."  *Davis v. Alaska*, 415 U.S. 308, 315 (1974) (internal quotation marks omitted).  Nevertheless, "'trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'"  *United States v. Freitekh*, 114 F.4th 292, 313 (4th Cir. 2024) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

"We review de novo any alleged violation of the Confrontation Clause," and we subject any error to harmless error review.  *Id.*; *see United States v. Banks*, 482 F.3d 733, 741-42 (4th Cir. 2007).  "In order to find a district court's error harmless, we need only be able to say with fair assurance, after pondering all that has happened without stripping the

erroneous action from the whole, that the judgment was not substantially swayed by the error." *Banks*, 482 F.3d at 741-42 (cleaned up); *see United States v. Draven*, 77 F.4th 307, 319 (4th Cir. 2023) ("[A]n error is harmless if it did not have a substantial and injurious effect of influence in determining the jury's verdict." (internal quotation marks omitted)).

Upon review of the record and the parties' arguments, we conclude that the district court did not err by allowing Arasokun to publish to the jury only a small portion of a voluminous spreadsheet that was not admitted into evidence. In any event, even if Arasokun could identify an error in this ruling, which he has not, any such error would be harmless because the court permitted defense counsel to thoroughly cross-examine both Government witnesses about the contents of the spreadsheet.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3